26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcia BUSE, Defendant-Appellant.
 No. 93-10044.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 19, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcia Buse appeals her sentence imposed following entry of her guilty plea for false representations regarding social security information in violation of 42 U.S.C. Sec. 1307. Buse contends the government breached the plea agreement in its interpretation of a provision regarding the amount of loss. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 Here, the plea agreement provided that, for purposes of determining amount of loss, Buse was "liable only for those then-open accounts or transactions arranged through false pretenses as to which she did not make minimum monthly payments." The government argued at sentencing that Buse was not liable for accounts where minimum monthly payments were paid with sufficient funds but was liable for accounts where "payments" were made with insufficient funds checks or through transfers from overdrawn accounts. Buse disagreed and argued that the government was estopped from interpreting the plea agreement in this manner. Buse, however, did not allege that the government breached the plea agreement, nor did she request an evidentiary hearing on the matter or an opportunity to withdraw her guilty plea.
 
 
 4
 Absent certain narrow exceptions, a defendant must raise the issue of an alleged breach of a plea agreement in district court in order to preserve the issue on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). "The [breach] claim is fact-specific, may require an evidentiary hearing or proffer of evidence, and the trial court, having taken the plea and having heard the evidence, should have the first opportunity to rule." Id. at 560. Accordingly, we hold that Buse waived her breach of the plea agreement claim by failing to have the district court address it in the first instance. See id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Buse completed her term of imprisonment while this appeal was pending, the case is not moot because the result could affect her term of supervised release. See United States v. Smith, 991 F.2d 1468, 1470 (9th Cir.1993)